UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 10-41140-399 |
| | ) | |
| RHONDA M. HOLMES, | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| FLAGSTAR BANK, F.S.B, | ) | Motion Nos. 8 and 10 |
| | ) | |
| Movant, | ) | **NOT FOR PUBLICATION** |
| | ) | |
| v. | ) | |
| | ) | |
| RHONDA M. HOLMES, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

The issue before this Court is whether debtor Rhonda M. Holmes (the "Debtor") may defeat Flagstar Bank, F.S.B.'s (the "Creditor") request for relief from the automatic stay by including in her Chapter 13 bankruptcy plan the Creditor's claim against property that the Debtor acquired through a pre-petition inheritance, even though the Debtor was never in privity with the Creditor on a promissory note or deed of trust in which the property was pledged as security. On February 17, 2010, the Creditor filed a Motion for Relief from the Automatic Stay, or in the Alternative, to Dismiss (the"Motion"), seeking to hold a foreclosure sale on the property. The Creditor also filed a Motion to Expedite Hearing, requesting a hearing on the Motion on February 23, 2010. This Court held an expedited hearing on the Motion on February 23, 2010. The Creditor and the Debtor were represented by counsel at the hearing. The Debtor consented to the Creditor's Motion to Expedite Hearing, but contests the Creditor's Motion for Relief from

-1-

the Automatic Stay, or in the Alternative, to Dismiss. Upon careful consideration and based on the record and arguments made at the hearing, this Court makes the following findings of fact and conclusions of law.

## BACKGROUND

The Debtor's father, Terry D. Holmes, purchased real estate located at 6051 North Pointe Boulevard, St. Louis, Missouri 63147 (the "Property"). On June 25, 2008, Mr. Holmes executed a promissory note (the "Note") and a deed of trust (the "Deed of Trust") and, to secure payment of his Note, granted a security interest in the Property to his lender (the Note and Deed of Trust together, the "Loan Documents"). The Creditor is the current holder of the Note and Deed of Trust. On July 21, 2008, Mr. Homes died intestate. His sole surviving heir is the Debtor.

Either at the time of Mr. Holmes' death or on February 10, 2010, when the Debtor filed with the Recorder of Deeds an Affidavit as to Heirs listing herself as her father's sole surviving heir, the Debtor acquired a legal or equitable interest in the Property. Meanwhile, payments were made on the loan until March of 2009. Based on a delinquency beginning in March of 2009, the Creditor commenced foreclosure proceedings on the Property. The foreclosure sale was originally scheduled for February 16, 2010. Under Missouri law, the foreclosure sale was continued to February 23, 2010, the date of the hearing on the Creditor's Motion.

On February 11, 2010, after the date when the Creditor commenced foreclosure proceedings but prior to the time of the scheduled sale, the Debtor filed her voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy

-2-

Code"). The Debtor's Chapter 13 plan provides that she will pay certain amounts to cure pre-petition arrears on the Creditor's claim. The Debtor also proposes to make post-petition payments to the Creditor outside of the Debtor's Chapter 13 plan.

The Loan Documents were never modified to show the Debtor as a borrower or obligor. Accordingly, the parties do not dispute that the Debtor has no personal liability to the Creditor for the amounts owed under the Loan Documents.

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b), 157(b)(2)(G) and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

Section 362(d) of the Bankruptcy Code provides, in pertinent part, that "the court shall grant relief from the stay . . . for cause." 11 U.S.C. § 362(d). In section 1322(b)(2), the Bankruptcy Code allows a Chapter 13 plan to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's personal residence. . . " 11 U.S.C. § 1322(b)(2). However, section 1322(b)(3) provides "for the curing or waiving of any default" in a chapter 13 plan. 11 U.S.C. § 1322(b)(3). Likewise, section 1322(b)(5) states that notwithstanding section 1322(b)(2), a plan may "provide for the curing of any default within a reasonable time . . ." 11 U.S.C. § 1322(b)(5).

A determination of whether the Creditor is entitled to relief from the automatic stay rests upon whether the Debtor may modify or cure the terms of the Loan

Documents in her Chapter 13 plan, despite the absence of privity between the Debtor and the Creditor.

The Supreme Court has interpreted the term "claim" in section 101(a)(5) of the Bankruptcy Code broadly to include a lien on real property that survived the discharge of a debtor's personal liability in his prior Chapter 7 bankruptcy case. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed. 2d 66 (1991). In *Johnson*, the bank held a mortgage secured by an individual's farm property. *Id.* at 80. The bank commenced foreclosure proceedings under state law based on the individual's default on his obligations under the mortgage. *Id.* Before the bank's foreclosure sale, the individual filed a petition for relief under Chapter 7 of the Bankruptcy Code, through which he obtained a discharge of his personal liability to the bank. *Id.*

The bankruptcy court then lifted the automatic stay, allowing the bank to obtain an *in rem* judgment against the individual's property. *Id.* Prior to the new foreclosure sale date, the individual filed a petition for relief under Chapter 13 of the Bankruptcy Code and included the bank's interest arising from its mortgage on his property as a claim to be treated through his Chapter 13 plan. *Id.* at 80-81.

Against the bank's objection, the bankruptcy court confirmed the individual's chapter 13 plan. *Id.* at 80. On appeal, the district court and the Tenth Circuit both held that the bank did not hold a claim against the individual because his personal liability was discharged in his Chapter 7 bankruptcy case. Accordingly, the individual could not use his Chapter 13 plan to cure arrears under the mortgage held by the bank. *Id.*

On subsequent appeal, the Supreme Court overruled the decisions of the lower courts. *Id.* at 88. It interpreted the term "claim" in the Bankruptcy Code broadly to

include a "mortgage interest that survives the discharge of a debtor's personal liability." *Id.* at 84. The Court explained that, even without the debtor's personal obligations "the mortgage holder still retain[ed] a 'right to payment' in the form of the right to the proceeds from the sale of the debtor's property" or, in the alternative, the bank's right to foreclose "can be viewed as 'an equitable remedy' for the debtor's default on the underlying obligation." *Id.*

In light of the Supreme Court's ruling in *Johnson*, this Court finds that, because the Debtor succeeded to her rights in the Property by inheritance, the Creditor's claim may be included in the Debtor's Chapter 13 plan. Accordingly, the lender has not established cause for relief from the automatic stay. This holding is limited to the facts presented here, specifically, a ruling on a motion for relief from the automatic stay where a debtor obtained real property by inheritance or operation of death, rather than by a conveyance of realty from one party to another unrelated party.

This Court expresses grave concern that litigants will try to extend this holding to a situation where a stranger to a loan acquires real property serving as collateral for the loan, and then tries to defeat a lender's request for stay relief by modifying the lender's rights through his subsequent Chapter 13 case. Those parties should remember, among other things, that Bankruptcy Code section 362(d)(4)(A) requires a court to grant relief from the automatic stay:

> (4) with respect to a stay of an act against real property . . ., if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval.

-5-

11 U.S.C. §362(d)(4)(A).

## CONCLUSION

For the foregoing reasons, the Creditor's Motion to Expedite Hearing shall be **GRANTED** and the Creditor's Motion for Relief from the Automatic Stay, or in the Alternative, to Dismiss shall be **DENIED**, both by a separate order.

DATED:  March 3, 2010  
St. Louis, Missouri  
cke

_____  
Barry S. Schermer  
Chief United States Bankruptcy Judge

Copy Mailed to:

Cynthia M. Woolverton
Vernon D. Singer
Millsap & Singer, LLC
612 Spirit Drive
St. Louis, MO 63005
ATTORNEY FOR MOVANT

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Elbert A. Walton, Jr.
Metro Law Firm, LLC
2320 Chambers Road
St. Louis, MO 63136
ATTORNEY FOR DEBTOR/RESPONDENT

Rhonda M. Holmes
6051 North Pointe Blvd
Saint Louis, MO 63147
DEBTOR/RESPONDENT

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102